

Marquis Whitney
1776 on the Green
67 East Park Place, Suite 1000
Morristown, NJ 07960-7105 U.S.A.
(973) 775-6122
mwhitney@btlaw.com

**VIA ECF**

September 18, 2025

Honorable Ann Marie Donio, U.S.M.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

      RE:   *Union Home Mortgage Corp. v. EMM Loans, LLC*
               Case No.: 1:23-cv-21804 (KMW)(AMD)

Dear Judge Donio:

      Plaintiff Union Home Mortgage Corp. ("Union Home" or "UHM") writes pursuant to Local Civil Rule 37.1(a)(1) to respectfully request leave to file a motion to compel under Federal Rule of Civil Procedure 37.  In accordance with the Local Rules and Your Honor's judicial preferences, the parties have met and conferred and agree that this dispute cannot be resolved without the Court's assistance.

      The discovery at issue falls into two categories: (1) documents and information concerning loans that Christopher Fratelli or EMM originated, directly or indirectly, in Pennsylvania;[1] and (2) documents and communications between Fratelli and EMM (or its representative) concerning loans relating to any "Fratelli Referral Source,"[2] as well as any customers or prospective customers who were referred to Fratelli or EMM by any "Fratelli Referral Source" – i.e., realtors who refer prospective borrowers to Fratelli.  This discovery goes to the heart of Union Home's claims for misappropriation of trade secrets and confidential information, tortious interference, aiding and abetting breach of loyalty, unjust enrichment, and damages.  The requested discovery is clearly relevant and proportional under the Federal Rule of Civil Procedure 26, and EMM has no legitimate justification for refusing to produce responsive discovery.

## BACKGROUND

      Christopher Fratelli worked for Union Home as a branch manager and loan officer in Pennsylvania from December 2015 to April 3, 2023.  *See* Compl. ¶ 4, ECF No. 1. His

---

[1] To the extent any of these requests could be interpreted as seeking loan information that Christopher Fratelli or EMM originated, issued, or refinanced outside of Pennsylvania, Union Home expressly limits its requests to loans in Pennsylvania.

[2] "Fratelli Referral Source" or "Fratelli Referral Sources" has been defined in Union Home's discovery requests to mean any person from whom Fratelli or EMM Employees in certain Pennsylvania counties routinely receive(s) information relating to properties to be bought or sold, mortgages to be paid off or refinanced, and/or borrowers or prospective borrowers seeking to buy or sell property, or pay off or refinance a mortgage loan.  For the avoidance of doubt, Fratelli Referral Source and Fratelli Referral Sources includes all licensed realtors.

Honorable Ann Marie Donio, U.S.M.J.
September 18, 2025
Page 2

responsibilities included identifying prospective borrowers and originating residential mortgages and refinancing loans for such borrowers. *See id.* ¶ 16.

In July 2022, Fratelli executed his most recent Employment Agreement with Union Home, which contained a limited non-compete covenant, limited non-solicitation covenants as to customers, prospective customers, and employees, and a confidentiality provision. *See* Compl. at Ex. A. Less than a year later, on April 3, 2023, Fratelli resigned and immediately joined Defendant EMM, where he began originating loans in Pennsylvania, soliciting and accepting business from Union Home's customers, prospective customers, and referral sources, and using Union Home's confidential information, in direct violation of those covenants in his Employment Agreement.

Union Home promptly filed a lawsuit against Fratelli in the Northern District of Ohio, seeking damages and injunctive relief. *See Union Home Mortgage Corp. v. Fratelli*, Case No. 1:23-cv-00857 (N.D. Ohio) (the "*Fratelli* case"), ECF No. 1. Following a preliminary injunction hearing, the court found in favor of Union Home and against EMM's employee, Fratelli, whereby it enjoined Fratelli from:

(i) competing with Union home in the home mortgage banking or brokering business as a loan officer or any similar role that directly or indirectly facilitates, originates, or generates loans in the following Pennsylvania counites—Adams, Bedford, Columbia, Cumberland, Dauphin, Franklin, Huntingdon, Juniata, Lancaster, Lebanon, Lycoming, Northumberland, Perry, Schuylkill, Snyder, and Sullivan;

(ii) soliciting or accepting business from Union Home Mortgage Corp.'s customers with whom Christopher Fratelli previously had contact or about whom he obtained confidential information during the 36 months preceding his termination of employment with Union Home Mortgage Corp.; and

(iii) using and/or disclosing the contents of the lists found in Union Home's Preliminary Hearing Exhibits 14, 15, 16, and 17.

*See* Whitney Decl., Ex. A (Memorandum Opinion and Order ("*Fratelli* Opinion"), ECF No. 62). In so doing, the court found that Union Home's customer list and lead tracker reports that comprise the Confidential Information[3] also qualify as protectable trade secrets. *See id.* at 12-13. The court explained that although some of the information was publicly available, "a third party would not necessarily be able to identify Union Home's current and prospective customers without access to Union Home's internal, password protected database." *Id.* at 12. The court held that "Union Home has a strong likelihood of success in establishing that Fratelli misappropriated trade secrets," including its customer list, and that Union Home has demonstrated "a strong likelihood of success on the merits that Fratelli violated the [Defend Trade Secrets Act]." *Id.* at 15. The court further

---

[3] For reference, Union Home identified its trade secrets as spreadsheet compilations of nonpublic customer and referral source information taken from Union Home's secure Encompass database that were made by Fratelli and uploaded to his DropBox account, which include: (i) a 2022 Lead Tracker Report; (ii) Pre-Approval Lists; (iii) Customer Lists; and (iv) a Referral Source List. *See Fratelli* Opinion, at p. 10. The court collectively identified this information as Union Home's "Confidential Information." *See id.*

Barnes & Thornburg

held that Fratelli breached the non-compete and non-solicitation of customers provisions of the Employment Agreement, and that Union Home was substantially likely to succeed on its claim for breach of the non-solicitation of employees provision. *See id.* at 15-20, 34.

On November 2, 2023, Union home filed this related action against EMM, asserting claims for misappropriation of trade secrets and confidential information, tortious interference with Fratelli's contract with Union Home, aiding and abetting Fratelli's breach of the duty of loyalty, and unjust enrichment. *See generally* Compl. At the parties' joint request, the Court stayed this case on July 7, 2024, pending resolution of Union Home's motion for a preliminary injunction in the Ohio case. *See* ECF No. 29. On April 7, 2025, following the Ohio court's decision in favor of Union Home, this Court lifted the stay and reopened the matter for further proceedings. *See* ECF No. 39.

On May 30, 2025, Union Home served its Third Set of Requests for Production, Second Set of Interrogatories, and Second Set of Requests for Admissions. Nearly two months later, EMM responded to these requests largely objecting to them on relevance grounds. Union Home then served a discovery deficiency letter, and the parties subsequently met and conferred in an effort to resolve the dispute. *See* Whitney Decl. ¶¶ 6-7, Ex. B.

The discovery at issue falls into two categories: (i) documents and information concerning loans Fratelli, directly or indirectly, sourced or originated while employed by EMM, and (ii) related communications with EMM employees concerning loans, as well as any customers or prospective customers who were referred to Fratelli or EMM by any "Fratelli Referral Source." *See* Whitney Decl. Ex. C, D (*see* Responses to RFPs Nos. 22-33, 35, 36; *see also* Responses to Rog Nos. 14-18). This discovery is directly relevant to Union Home's claims as it bears on whether Fratelli breached the covenants in his Employment Agreement, the extent of EMM's involvement, and the damages Union Home sustained. The Court should compel EMM to produce responsive discovery and provide answers to the interrogatories.

## LEGAL STANDARD

Motions to compel discovery or disclosure are governed by Federal Rules of Civil Procedure 37. *See Huertas v. City of Camden*, No. CIV A 06-CV-04676, 2008 WL 4845241, at *3 (D.N.J. Nov. 6, 2008). Rule 37(a) provides that "on notice to other parties or affected persons, a party may move for an order compelling discovery or disclosure." Fed. R. Civ. P. 37(a)(1). Rule 37(a) further provides that a party can move for an order compelling a discovery response if "a party fails to answer an interrogatory" or "fails to produce documents" under Rules 33 and 34. Fed. R. Civ. P. 37(a)(3)(B).

The scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and, the fact is of consequence in determining the action." Fed. R. Evid. 401. The scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003).

Honorable Ann Marie Donio, U.S.M.J.
September 18, 2025
Page 4

## ARGUMENT

**I.     Union Home's Discovery Requests Are Proper Under Rule 26.**

The scope of discovery is broad and entitles parties to obtain "any nonprivileged matter that is relevant to ***any party's claim or defense***," even if the information is not admissible at trial. Fed. R. Civ. P. 26(b)(1) (emphasis added). To determine whether information is relevant and should be produced, courts routinely look to the pleadings. *See Strictly F/X L.L.C. v. Pyrotecnico F/X, L.L.C.*, No. 2:20-CV-00201-CCW, 2021 WL 2291826, at *3 (W.D. Pa. June 4, 2021).

In the Complaint, Union Home asserts claims against EMM for misappropriation of trade secrets and confidential information, tortious interference with Fratelli's contract with Union Home, aiding and abetting Fratelli's breach of the duty of loyalty, and unjust enrichment. *See generally*, Compl., ECF No. 1. These claims arise from Fratelli's breach of his Employment Agreement with Union Home, and his conduct while employed with EMM, including originating loans for EMM in the same geographic area he originated loans for Union Home, soliciting and accepting business from Union Home's customers or prospective customers, using Union Home's Confidential Information for EMM's benefit, referring prospective borrowers to EMM, assisting them with loan applications, and inducing a Union Home employee, Anita Weikel, to leave for EMM. *See id.* at ¶¶ 22-29, 92.

Documents and information concerning loans Fratelli was involved with at EMM, revenue derived from those loans, and communications with EMM employees or referral sources fall squarely within the scope of permissible discovery. They go directly to showing Fratelli's breaches, EMM's involvement, and the damages Union Home sustained. Thus, the requested documents and information are within the scope of Rule 26 and should be produced.

### A.  Requests For Production Nos. 22 – 31, 35, 36 and Interrogatories Nos. 14 – 18

These requests seek documents and information concerning loans that Christopher Fratelli or EMM originated, issued, or refinanced in and around Pennsylvania during the relevant period.[4] The requests also seek information about customers or prospective customers, revenue, and profits.

EMM objected on the grounds that these requests: (i) are not relevant in light of the Ohio court's decision on UHM's preliminary injunction application against Fratelli; (ii) seek confidential information; and (iii) have no basis because EMM prohibited Fratelli from originating or refinancing loans for customers he worked with at UHM. Each objection fails. *See* Whitney Decl. Ex. C, D.

***First***, the requested discovery is directly relevant to Union Home's claims and should be produced under Federal Rule of Civil Procedure 26(b)(1). Rule 26 expressly authorizes discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26.

---

[4] The relevant period is April 3, 2023 through March 31, 2025, when Fratelli was employed by EMM.

**Barnes & Thornburg**

Union Home asserts claims against EMM for misappropriation of trade secrets and confidential information, tortious interference with Fratelli's contract with Union Home, aiding and abetting Fratelli's breach of his duty of loyalty, unjust enrichment, and damages. At the heart of these claims is Union Home's contention that Fratelli violated his Employment Agreement by joining EMM, facilitating and originating loans in the same geographic area he did so for Union Home, and soliciting and accepting business from Union Home's customers and prospective customers. The requested loan information is directly relevant to whether Fratelli breached the non-compete, non-solicitation, and confidentiality covenants in his Employment Agreement and to damages—including the value of loans Fratelli originated, directly or indirectly, while in breach of the covenants, and the benefits EMM obtained at UHM's expense. Because the requested discovery goes to the heart of Union Home's claims, it is discoverable under Rule 26 and must be produced. *See e.g., Union Home Mortg. Corp. v. Jenkins*, No. 1:20-cv-2690, 2021 WL 1110440, at *7 (N.D. Ohio Mar. 23, 2021) (holding that documents concerning customers, prospective customers, customer pipelines, and loans were "discoverable because they may show whether and to what extent [the former employee] is using Union Home's confidential information to compete with Union Home in the market and/or geographical area covered by his . . . employment agreement.").

Yet EMM has refused to produce this clearly relevant discovery on the grounds that it is somehow limited by the Ohio court's decision on Union Home's preliminary injunction motion. This argument is unavailing. Union Home prevailed on that motion, obtained a comprehensive injunction, and the Ohio court explicitly held Fratelli "breached the non-compete provision of the Agreement" and the "[e]vidence also shows that Fratelli breached the non-solicitation of customers provision of the Agreement." *See Fratelli* Opinion, at p. 17-18. EMM cannot reasonably rely on a decision that found Fratelli in breach of the very covenants at issue to now argue that discovery of his loan activity—which is related to the covenants—is somehow no longer relevant. To the contrary, the Ohio court's decision underscores the importance of this discovery and makes clear that this information is directly relevant and should be produced.

**Second**, the Ohio court's decision to slightly modify one component of Union Home's requested injunctive relief does not—and cannot—foreclose Union Home from obtaining relevant discovery in this action or seeking damages against EMM. EMM contends that the requested information is not relevant because the Ohio court declined to enforce the non-compete covenant "as written" and instead "imposed only prospective, forward-looking restrictions." *See* Whitney Decl. Ex. C, D. That contention is flawed. Preliminary injunctions are necessarily forward-looking devices designed to preserve the status quo, not resolve retrospective damages. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 647 (3d Cir. 1994) (the "primary purpose of a preliminary injunction is maintenance of the status quo"). The fact that the Ohio court entered forward-looking relief does not preclude Union Home's right to seek retrospective damages, particularly where the Ohio court expressly found that Fratelli breached the covenants and granted Union Home's preliminary injunction while only slightly modifying the geographic scope for the non-compete provision. *See Fratelli* Opinion, at pp. 17-18, 22-24.

EMM further contends that this discovery is not relevant because "'Union Home ha[d] failed to meet its burden of demonstrating that the Referral Source List is a protectable trade

secret.'" *See* Whitney Decl. Ex. C, D. That objection is a straw man. Regardless of whether information regarding the Referral Sources qualify as trade secrets, Union Home is entitled to discovery of loan information—including information about the referral sources—to determine whether Fratelli breached his non-compete, non-solicitation, and/or confidentiality covenants and the benefit EMM received based on his breach. Moreover, at the preliminary injunction stage, Union Home did not have access to certain discovery, to which it is now entitled. The Ohio court acknowledged as much when it noted that its decision was based on the evidence presented "at this stage" of the litigation. *See Fratelli* Opinion at p. 13 ("the Court finds that, **on the evidence presented at this stage**, Union Home has established that the customer lists and lead tracker reports that comprise the Confidential Information . . . are protectable trade secrets.").

To the extent Defendant is arguing that the requested discovery is not relevant or enforceable because the Ohio court slightly reduced the geographic scope of the non-compete, that argument is equally unavailing.[5] The court otherwise granted Union Home's requested relief, entered the preliminary injunction, and expressly found that Fratelli violated his Employment Agreement with Union Home. At no point did the court hold that the Employment Agreement or its covenants were invalid or unenforceable. To the contrary, the court expressly acknowledged that "[t]here is no dispute that the Agreement was signed and executed by both parties and no argument that the Agreement is not a valid and binding contract between the parties." *See Fratelli* Opinion, at p. 16.

Simply put, EMM cannot twist the Ohio Court's decision granting Union Home comprehensive injunctive relief and confirming Fratelli's breaches of various covenants into a shield against discovery in this action. Discovery here is governed by Rule 26, which turns on the parties' claims and defenses asserted in this case, not by EMM's distorted view of the scope of injunctive relief entered in a related proceeding.

***Third***, neither the non-compete covenant nor the non-solicitation covenant is limited to Union Home's existing customers, they also encompasses new and prospective customers in Pennsylvania—the area where Fratelli originated and refinanced loans for Union Home. EMM contends that there is no basis to suspect that EMM has any responsive documents because it "prohibited Fratelli from originating or refinancing loans for customers he worked with at UHM." *See* Whitney Decl. B. Not only is Union Home allowed to test this assertion, but the covenants at issue are not limited to existing UHM customers. For example, the Employment Agreement's "Limited Non-Compete" provision bars Fratelli from engaging in competitive activity in the restricted area during the restricted period, without limitation to existing customers. *See* Compl., Ex. A ("<u>Limited Non-Compete</u>. Employee agrees they will not engage in Competitive Activity on behalf of a Competitive Entity in the Restricted Area during the Restricted Period."). Likewise, the "Limited Non-Solicitation of Customers" provision bars Fratelli from soliciting, diverting, or accepting competitive business from Union Home's customers or prospective customers. *See id.* ("<u>Limited Non-Solicitation of Customers</u>. During the Restricted Period and for two (2) years thereafter, Employee will not, on behalf of themselves or a Competitive Entity, directly or indirectly, solicit or divert (or attempt to solicit or divert) or accept competitive business from any

---

[5] This position was not expressed in EMM's objections but was explained during the parties' meet-and-confer.

Honorable Ann Marie Donio, U.S.M.J.
September 18, 2025
Page 7

customer or identified prospective customer of the Company"). Thus, loans that Fratelli originated for EMM in the same geographic area he originated loans for Union Home are squarely relevant to Union Home's claims and within the scope of permissible discovery under Rule 26.

***Finally***, to the extent responsive documents and information contain EMM's confidential business information, such materials may be produced under the parties' protective order. *See* ECF No. 20. Confidentiality is not a legitimate justification for withholding relevant discovery.

### B. Requests For Production Nos. 32 - 33

These requests seek documents and communications between Fratelli and EMM (or its representative) concerning loans relating to any "Fratelli Referral Source," as well as any customers or prospective customers who were referred to Fratelli or EMM by any "Fratelli Referral Source." EMM objected on the ground that: (i) the requests are not relevant because UHM failed to demonstrate that information regarding these referral sources is a protectable trade secret in connection with its preliminary injunction application in the Ohio action; and (ii) the request would require a burdensome review. *See* Whitney Decl. Ex. C. Neither objection has merit.

***First***, as with the category of discovery discussed above, this requested discovery is directly relevant to Union Home's claims and should be produced under Federal Rule of Civil Procedure 26(b)(1). The discovery concerns Fratelli's business dealings, including whether he originated and facilitated loans from referral sources and Union Home's customers and prospective customers, in the restricted area during the restricted period, in violation of his Employment Agreement.[6] This information goes to the core question of whether Fratelli breached the non-compete, non-solicitation, and confidentiality covenants in his Employment Agreement, and whether EMM aided and abetted the breach. Because the requested discovery goes to the heart of Union Home's claims, it is discoverable under Rule 26 and must be produced.

Nevertheless, EMM objects on the grounds that this information is not relevant because Union Home did not, at the preliminary injunction stage of the Ohio litigation, demonstrate that certain information regarding its referral sources constitutes a protectable trade secret. That argument is unavailing. As discussed above, Union Home prevailed on the motion, obtained a comprehensive injunction, and the Ohio court expressly held that Fratelli breached the covenants in his Employment Agreement. *See Fratelli* Opinion, at p. 17-18. EMM cannot distort the Ohio court's decisions to improperly withhold discovery Union Home is entitled to under Rule 26.

***Second***, Union Home is entitled to discovery concerning Fratelli's Referral Sources regardless of whether information related to them ultimately qualifies as a trade secret. The Employment Agreement prohibits Fratelli from soliciting or diverting competitive business from UHM's customers and prospective customers and from engaging in competitive activity in the restricted area during the restricted period, without limitation to existing customers. *See* Compl., Ex. A ("Limited Non-Compete" and "Limited Non-Solicitation of Customers"). Union Home

---

[6] For reference, the "restricted area" and "restricted period" are defined in the Employment Agreement (*see* Compl., Ex. A) under the identified covenants.

**Barnes & Thornburg**

Honorable Ann Marie Donio, U.S.M.J.
September 18, 2025
Page 8

alleges that Fratelli breached these covenants and that EMM aided and abetted the breach. Accordingly, communications concerning Fratelli's business dealings with mortgage lenders, brokers, realtors, customers, prospective customers, and referral sources are directly relevant to the covenants at issue and to Union Home's claims against EMM.

*Finally*, even if EMM believes the production of responsive documents would be unduly burdensome, the appropriate remedy is to propose reasonable limitations—such as narrowing the timeframe or including search terms—which are consistent Federal Rules and local practice. EMM's blanket refusal to produce responsive discovery is improper and not permissible under the Federal Rules.

## CONCLUSION

For these reasons, Union Home respectfully requests leave to file a motion to compel EMM to produce responsive documents and answers to interrogatories.

Respectfully submitted,

/s/ *Marquis Whitney*

cc: Zachary C. Glaser, Esq. (via ECF)
Adam Filbert, Esq. (via ECF)
Jason Clagg, Esq. (via ECF)

Barnes & Thornburg